**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10490 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00071-FCD-1 |
| v. | |
| FERNANDO BARRERA-SAMANO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Submitted August 11, 2011[**]
San Francisco, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Defendant Fernando Barrera-Samano appeals from the district court's denial

of his motion to dismiss the indictment charging him under 8 U.S.C. § 1326 for

illegally reentering the United States after the government removed him in 2002.

Defendant argues that the indictment improperly relied on his 2002 removal order,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

because his 2002 removal proceedings did not provide him with due process under United States v. Mendoza-Lopez, 481 U.S. 828, 838 (1987). Reviewing de novo, United States v. Muro-Inclan, 249 F.3d 1180, 1182 (9th Cir. 2001), we dismiss this appeal.

After the district court denied Defendant's motion to dismiss, Defendant unconditionally pleaded guilty to the charge. Subject to few exceptions, "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Even when a person's guilty plea does not prevent him from challenging the legality of his conviction, his challenge may proceed only if it was clear from the face of the record at the time of his guilty plea that the district court "had no power to enter the conviction or impose the sentence." Id.

Because the record at the time of Defendant's guilty plea failed to demonstrate a plausible ground for relief from deportation that was available to him in 2002, it was not clear from the face of the record that Defendant had a meritorious claim under Mendoza-Lopez. See United States v. Garcia-Martinez, 228 F.3d 956, 959 & n.5, 960 (9th Cir. 2000). Accordingly, Defendant's guilty plea bars him from appealing the district court's denial of his motion to dismiss.

2

See United States v. Montilla, 870 F.2d 549, 552-53 (9th Cir. 1989) (holding that a defendant had waived her due process claim because, "[o]n its face, the indictment alleged offenses that were well within the government's power to prosecute" and, although "[t]he record at the time the judge accepted [the defendant's] plea contained allegations of unconstitutional behavior, . . . establishing their truth required further proceedings"), as amended, 907 F.2d 115 (9th Cir. 1990).

Appeal DISMISSED.